UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DREW EDWARD FRANQUEMONT,

               Plaintiff,

    v.

AMY JANE STINNETT, et al.,

               Defendants.

CASE NO. 3:26-cv-05051-BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge David W. Christel's Order granting pro se plaintiff Franquemont's application to proceed *in forma pauperis*, Dkt. 6. It is now up to this Court to determine whether Franquemont's proposed complaint, Dkt. 7, asserts a plausible complaint.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v.*

ORDER - 1

*Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Franquemont asserts various civil rights and state tort law claims against defendants Amy and Curtis Stinnett, State Farm Automobile Insurance Company, Clark County, Hetal Retail Inc, and Does 1–50. Dkt. 7 at 2. His proposed complaint is hard to follow. He appears to claim that after Amy Stinnett rear-ended him, State Farm and Clark County have sabotaged his career and engaged in hostile conduct that has deprived him of his due process rights. *Id.* at 3. He seeks millions in damages, as well as injunctive relief from the Court. *Id.* at 4.

ORDER - 2

Franquemont's claims are conclusory and do not meet *Iqbal* and *Twombly*'s plausibility standard. He does not sufficiently plead how defendants' alleged misconduct has caused him a violation of his constitutional rights. His proposed complaint does not allow the Court to reasonably infer who did what to him when, or why, or why it is actionable in this Court. It is not enough to simply assert defendants have harmed him. Furthermore, "to establish that a defendant is liable for a claim under 42 U.S.C. § 1983 a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right.'" *Peschel v. City of Missoula*, 686 F. Supp. 2d 1092, 1099 (D. Mont. 2009) (internal quotation omitted) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). A plaintiff cannot assert a 42 U.S.C. § 1983 claim[1] against a defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added). It is

---

[1] Plaintiff's complaint also alleges a "violation" of § 1983, but there is no such claim. "One cannot go into court and claim a violation of § 1983—for § 1983 by itself does not protect anyone against anything." It does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by government officials. *See, e.g., Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617 (1979).

apparent that State Farm, Hetal, Inc., and the Stinnetts are not state actors, and Franquemont cannot assert a § 1983 claim against them for violation of his constitutional rights. Nor are State Farm and Hetal "persons;" they are artificial entities.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Franquemont may file an amended complaint **within 21 days** of this Order. Any amended complaint should focus on the "who, what, when, where, why, and how" of a factual story. Adjectives, legal citations, and conclusory statements are not required and are not enough to state a viable claim. Any amended proposed complaint should plausibly articulate why defendants' conduct is actionable in this Court.

IT IS SO ORDERED.

Dated this 20th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4