UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DREW EDWARD FRANQUEMONT,

Plaintiff,

v.

AMY JANE STINNETT, et al.,

Defendants.

CASE NO. 3:26-cv-05051-BHS

ORDER

THIS MATTER is before the Court on its review of pro se plaintiff Franquemont's amended proposed complaint, Dkt. 11. Franquemont's original proposed complaint, Dkt. 7, did not state a plausible claim and the Court allowed him the opportunity to amend his complaint. Dkt. 10.

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

ORDER - 1

678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Franquemont's amended complaint alleges misconduct by many defendants. Although it is more detailed than his first complaint, it remains disjointed and difficult to follow. Franquemont alleges that following a "catastrophic motor vehicle" with defendant Amy Stinnett, defendant State Farm intentionally withheld coverage in bad faith and "weaponized capital to fund campaigns featuring Chris Bridges and Jimmy Fallon, mocking the claims process." *Id.* at 6–7. He further claims that other defendants "falsified records to suppress MVA-related spinal trauma," "utilized predator sub-leasing and 'Zombie Debt' to enforce a continuous displacement cycle," "maliciously deploy[ed] strobe weaponry against a known injured party," "executed a retaliatory arrest," and facilitated "the physical and legal exclusion of the Plaintiff from the public right-of-way and the court system." *Id.* at 7–8. He seeks millions in damages, as well as injunctive relief from the Court. *Id.* at 4.

Franquemont's amended claims do not meet *Iqbal* and *Twombly*'s plausibility standard. His sweeping allegations, although more detailed, remain conclusory and do not sufficiently articulate how or why defendants' conduct is actionable in this Court. The

ORDER - 2

Court cannot reasonably draw any inference why defendants are liable for the alleged misconduct and harm to Franquemont. *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

The Court has already allowed Franquemont the opportunity to amend his complaint. Because he has not stated a plausible claim, his application to proceed IFP is **DENIED** and his proposed complaint is **DISMISSED without prejudice** and **without leave to amend**. The Clerk shall close the case.

IT IS SO ORDERED.

Dated this 7th day of April, 2026.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3