UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DREW EDWARD FRANQUEMONT,

                    Plaintiff,

        v.

AMY JANE STINNETT, et al.,

                    Defendants.

CASE NO. 3:26-cv-05051-BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Franquemont's Rule 59 motion to amend judgment and re-open the case, Dkt. 16. The Court dismissed the case because Franquemont had failed to state a plausible claim, even after the Court provided him an opportunity to amend his pleading. Dkt. 15.

Franquemont's motion contends that he has now corrected the deficiencies in his complaint and asks the Court to vacate its prior order, re-open this closed case, and permit him to proceed *in forma pauperis*. Dkt. 16.

ORDER - 1

The Court views the motion as one for reconsideration of its order declining to permit Franquemont a third chance to amend his complaint to state a plausible claim. The Court did not enter a judgment, and it dismissed the case *without* prejudice. Dkt. 15.

Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Local Rules, W.D. Wash., LCR 7(h)(1). The term "manifest error" is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." BLACK'S LAW DICTIONARY 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

ORDER - 2

Franquemont has not met this standard. He does not contend or demonstrate that the court's Order was erroneous. His proposed second amended complaint, Dkt. 16-1, still fails to state a plausible claim; it seeks to combine a facially time-barred 2020 auto accident claim with claims against a wide variety of unrelated defendants, complaining about unrelated events. He seeks $32,000,000 and other damages.

The Court will not reconsider its prior Order. Franquemont's motion, Dkt. 16, is DENIED. The case remains closed.

IT IS SO ORDERED.

Dated this 21st day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3